UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TABU LEE WRIGHT #189728,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                         Case No. 1:89-cv-641

RAYMOND TOOMBS, et al.,

       Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Contempt of Court. (ECF No. 47.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that the motion be **DENIED**.

On July 16, 1990, the Honorable Robert Holmes Bell entered a Judgment granting a permanent injunction directing Defendants to provide Plaintiff with one copy of the May 12, 1989 issue of The Antigone News. The Judgment also enjoined Defendants from rejecting future publications/mail addressed to Plaintiff.[1] (Dkt. 15.) In his motion for contempt, Plaintiff alleges that on or about April 27, 2018, he received a letter from his sister. Plaintiff states that he did not have his sister's address because they had not been in contact for thirteen years. (ECF No. 47 at PageID.110; ECF No. 47-1.) Plaintiff states that the letter had been removed from the original envelope and placed in a blank envelope. Although Plaintiff's name and number was written on the envelope, the person handling the mail did not write the return address on it. Thus, Plaintiff could not write back to his sister. (*Id.*)

---

[1] Because Judge Bell issued the Judgment a decade before this Court adopted its electronic filing system, the Court does not presently have access to the Judgment. However, the docket text sufficiently describes the scope of the injunction to allow the Court to rule on Plaintiff's motion.

1

Plaintiff indicates that his sister's letter was removed from its original envelope and placed in a new, blank envelope pursuant to an amendment to the Michigan Department of Correction's mail policy, PD 05.03.118, that became effective on March 1, 2018. The new provision states:

> Envelopes which cannot be effectively searched may provide a means of introducing controlled substances, for example Suboxone or Fentanyl, or other contraband which poses a threat to the security, good order, or discipline of the facility. Therefore, envelopes will no longer be provided to prisoners when received in the mail except as set forth in Paragraph G. Staff shall replace incoming envelopes with a plain envelope purchased by the PBF before the mail is delivered to the prisoner. Staff shall ensure all of the contents allowed by policy that were received in the original incoming envelope are placed in the plain envelope for delivery to the prisoner. Staff shall also ensure the prisoner's name, number, and cell designation is clearly written on the plain envelope in order to ensure accurate delivery of the mail. The original incoming envelope shall then be discarded.

Mich. Dep't of Corr. P.D. 05.03.118 ¶ LL. Although the MDOC informed prisoners of this change before the new policy was implemented to allow them to notify their friends and family that they should include the prisoner's name, MDOC identification number, and return address on both the envelope and the contents of the envelope (ECF No. 47-3), Plaintiff had no way to convey this information to his sister before the policy took effect because he did not have his sister's address.

A civil contempt order serves to "compel obedience to a court order and compensate for injuries cause by noncompliance." *TMW Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 279 (6th Cir. 2003) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

Here, Plaintiff has failed to show that a contempt order is warranted. As noted above, the order must be "definite and specific." Judge Bell's injunction enjoined Defendants from rejecting

his future mail but did not say anything about the envelope. Plaintiff received his sister's letter but not the envelope, complying with the spirit, if not the letter, of the injunction. The injunction simply did not consider whether the envelope was a part of the mail. Given this fact, Defendants could not have reasonably anticipated at the time the Judgment was entered that an MDOC-wide mail policy change almost thirty years later that affected envelopes but not the contents of envelopes would violate the Judgment.

Moreover, Plaintiff's injury, if any, was caused by the policy, not by Defendants' non-adherence to the Judgment/injunction. While Plaintiff may seek to file a new action, the 1989 Judgment does not provide a proper basis for a contempt order for failure to preserve Plaintiff's envelope.

Accordingly, Plaintiff has failed to demonstrate on this record that Defendants should be held in contempt for violating a definite and specific order. I thus recommend that the Court deny Plaintiff's motion.

Dated: February 3, 2021                      /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).